# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ALMA GARCIA | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| DRAW ENTERPRISES III, L.L.C., | ) ) |
| Defendant. | ) **Jury Trial Demanded** |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, ALMA GARCIA, through her attorneys, The Law Offices of Eugene K. Hollander, and for her Complaint at Law, states as follows:

## JURISDICTION

1. This is a suit in equity authorized and instituted pursuant to the Fair Labor Standards Act, 29 U.S.C. §201, et seq. ("FLSA"), the Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS §115/1, et seq., and the Illinois Minimum Wage Law ("IMWL), 820 ILCS §105/1 et seq. for Defendant's failure to pay overtime wages and other earned wages to Plaintiff. The jurisdiction of this court is invoked to secure protection of and to address deprivation of rights secured by 29 U.S.C. §201 et seq, providing for declaratory, injunctive, compensatory, punitive, and other relief. This suit also arises out of Defendant's termination of Plaintiff's employment in retaliation for asserting her rights under the Fair Labor Standards Act and the Illinois Wage Payment and Collection Act.

2. Venue in this district is proper under 28 U.S.C. §1391 (B) as the facts and events giving rise to Plaintiff's claims occurred in this judicial district. The court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. §1367.

**BACKGROUND FACTS**

3. Defendant DRAW ENTERPRISES III, L.L.C. ("DRAW" or "Defendant") is an Illinois limited liability company that provides recycling services and has its principal place of business in Chicago, Illinois.

4. Plaintiff is a citizen of the State of Illinois and resides in Cook County, Illinois.

5. Plaintiff began her employment with Defendant on January 21, 2014 as a Payroll Administrator. During her employment, Plaintiff was also required to perform Human Resources and Information Technology duties. Plaintiff was required to perform payroll, human resources, and information technology duties for the Defendant and its affiliates, Loop Paper Recycling, Independent Recycling Services, Paper Retriever of Texas, Midwest Paper Retriever, Midwest Waste Solutions, Equipment Services, Recycling Services of Florida, Millennium Recycling, Memphis Recycling Services, Mississippi Recycling Services, and Corporate Coverage.

6. Plaintiff was employed by Defendant as an "employee" as that term is defined by FLSA, IWPCA, and IMWL.

7. Defendant was Plaintiff's "employer" as defined in FLSA, 29 U.S.C. §203(d), IMWL, 820 ILCS §105/3(c), and IWPCA, 820 ILCS 115/1 et. seq.

8. Defendant DRAW is an "enterprise" as defined by FLSA, 29 U.S.C. §203(r)(1), and is an "enterprise" engaged in commerce or in the production of goods for commerce within the meaning of §3(s)(1)(A), in that Defendant's employees are engaged in interstate commerce and its annual gross volume of sales made or business done exceeds $500,000.00 exclusive of excise taxes.

9. Defendant routinely failed to pay Plaintiff for all hours worked in individual

workweeks.

10. Defendant routinely failed to pay Plaintiff for overtime hours worked.

11. Plaintiff complained to Defendant about its pay practices, but Plaintiff's complaints went unanswered.

12. In late March 2017, Plaintiff complained to Defendant's Human Resources Manager that she was not paid for all of her overtime hours.

13. On April 25, 2017, Plaintiff's employment was terminated.

## COUNT I
## ILLINOIS MINIMUM WAGE LAW – OVERTIME WAGES

14. Plaintiff reincorporates and realleges paragraphs 1 through 13 as though more fully set forth herein.

15. This count arises from Defendant's failure to pay Plaintiff all of her earned overtime pay for hours worked in excess of forty (40) in individual workweeks in violation of IMWL.

16. Plaintiff worked in excess of forty (40) hours in certain individual workweeks. Defendant did not pay Plaintiff overtime pay at the rate of one and one half times her regular rate for all hours worked.

17. Plaintiff was directed by Defendant to work, and did work, in excess of forty (40) hours per week.

18. For each hour worked in excess of forty (40) in individual workweeks, Plaintiff was entitled to be paid at the rate of one and one half times her regular hourly rate of pay.

19. Defendant's failure to pay Plaintiff overtime wages violated the maximum hour provision of the IMWL.

3

20. Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover unpaid wages for three years prior to the filing of this suit, plus damages in the amount of two percent (2%) per month of the amount of under payments, in addition to reasonable attorneys' fees and the costs of this action.

21. Plaintiff demands a jury trial.

**WHEREFORE**, Plaintiff, ALMA GARCIA, respectfully prays that this Honorable Court:

    a. Enter a declaratory judgment that the practices complained of herein are unlawful and violation of the Illinois Minimum Wage Law;

    b. Permanently enjoin Defendant, its agents, successors, officers, employees, attorneys, and those acting in concert with it or them from engaging in each of the unlawful practices, policies, customs, and usages set forth herein, and from continuing the unlawful practices, policies, customs, and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

    c. Order modification or elimination of the practices, policies, customs, and usages set forth herein and all other such practices shown to be in violation of applicable law;

    d. Adjust the wage rates, salaries, bonuses, and benefits for Plaintiff to those which she would be enjoying but for the unlawful practices of Defendant;

    e. Compensate and make Plaintiff whole for all earnings, wages, including prejudgment interest and other benefits that she would have received but

for the unlawful practices of Defendant;

f.  Award Plaintiff the costs and disbursements of this action, including reasonable attorney's fees;

g.  Award Plaintiff 2% of the amount of any underpayments for each month following the date of payment during which such underpayments remain unpaid; and

h.  Grant such other relief as may be just and proper.

## COUNT II
## ILLINOIS WAGE PAYMENT AND COLLECTION ACT – UNCOMPENSATED HOURS

22. Plaintiff reincorporates and realleges Paragraphs 1 through 13 as though more fully set forth herein.

23. This count arises from Defendant's failure to compensate Plaintiff for all the hours worked at the rate agreed upon by the parties in violation of the IWPCA.

24. Defendant violated IWPCA by failing to compensate Plaintiff for all the hours she worked.

25. Plaintiff has been damaged by Defendant's failure to pay her for all hours worked at the rate agreed to by the parties.

26. Plaintiff demands a jury trial.

**WHEREFORE**, Plaintiff, ALMA GARCIA, respectfully prays that this Honorable Court:

a.  Enter a declaratory judgment that the practices complained of herein are unlawful and violation of the Illinois Wage Payment and Collection Act;

b.  Permanently enjoin Defendant, its agents, successors, officers, employees,

attorneys, and those acting in concert with it or them from engaging in each of the unlawful practices, policies, customs, and usages set forth herein, and from continuing the unlawful practices, policies, customs, and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

c. Order modification or elimination of the practices, policies, customs, and usages set forth herein and all other such practices shown to be in violation of applicable law;

d. Adjust the wage rates, salaries, bonuses, and benefits for Plaintiff to those which he would be enjoying but for the unlawful practices of Defendant;

e. Compensate and make Plaintiff whole for all earnings, wages, including prejudgment interest and other benefits that she would have received but for the unlawful practices of Defendant;

f. Award Plaintiff 2% of the amount of any underpayments for each month following the date of payment during which such underpayments remain unpaid; and

g. Award Plaintiffs the costs and disbursements of this action, including reasonable attorney's fees; and

h. Grant such other relief as may be just and proper.

### COUNT III
### FAIR LABOR STANDARDS ACT – OVERTIME WAGES

27. Plaintiff reincorporates and realleges Paragraphs 1 through 13 as though more fully set forth herein.

28. This count arises from Defendant's violation of the Fair Labor Standards Act, 29 U.S.C. §201, et seq., for its failure to pay overtime wages to Plaintiff at a rate of one and one half times her regular rate of pay.

29. During her employment by Defendant, Plaintiff was not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. §207.

30. Defendant's failure to pay Plaintiff overtime wages at a rate of one and one half times her regular rate of pay for all hours worked in excess of forty (40) in individual work weeks violated §207 of the FLSA.

31. Defendant willfully violated the FLSA by refusing to pay Plaintiff overtime wages for all hours she worked in excess of forty (40) hours per week.

32. Plaintiff is entitled to recover unpaid wages for up to three years prior to the filing of this suit because Defendant's failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the FLSA, 29 U.S.C. §207.

33. Plaintiff demands a jury trial.

**WHEREFORE**, Plaintiffs, ALMA GARCIA, respectfully prays that this Honorable Court:

    a. Enter a declaratory judgment that the practices complained of herein are unlawful and violation of the Fair Labor Standards Act;

    b. Permanently enjoin Defendant, its agents, successors, officers, employees, attorneys, and those acting in concert with it or them from engaging in each of the unlawful practices, policies, customs, and usages set forth herein, and from continuing the unlawful practices, policies,

      customs, and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

   c. Order modification or elimination of the practices, policies, customs, and usages set forth herein and all other such practices shown to be in violation of applicable law;

   d. Adjust the wage rates, salaries, bonuses, and benefits for Plaintiffs to those which they would be enjoying but for the unlawful practices of Defendant;

   e. Compensate and make Plaintiff whole for all earnings, wages for up to three years prior to the filing of this suit because of Defendant's failure and refusal to pay overtime wages, including prejudgment interest and other benefits that she would have received but for the unlawful practices of Defendant;

   f. Award Plaintiff the costs and disbursements of this action, including reasonable attorney's fees;

   g. Award Plaintiff liquidated damages for Defendant's willful conduct, and grant such relief as may be just and proper; and

   h. Grant any other relief as may be just and proper.

## **COUNT IV – FAIR LABOR STANDARDS ACT -- RETALIATION**

34. Plaintiff incorporates and realleges paragraphs 1 through 13 as though more fully set forth herein.

35. In violation of 29 U.S.C. § 215(a)(3), Defendant terminated Plaintiff's employment in retaliation for her complaints that Defendant failed to pay overtime wages for all

hours worked in excess of 40 hours per week.

36. Defendant willfully violated the FLSA by terminating Plaintiff after she complained about its failures to pay earned overtime wages.

37. Plaintiff demands a jury trial.

**WHEREFORE**, Plaintiff, ALMA GARCIA, respectfully prays that this Honorable Court:

    a. Enter a declaratory judgment that the practices complained of herein are unlawful and violate the Fair Labor Standards Act;

    b. Permanently enjoin Defendant, their agents, successors, officers, employees, attorneys and those acting in concert with them from engaging in each of the unlawful practices, policies, customs and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

    c. Order modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices shown to be in violation of applicable law;

    d. Immediately assign Plaintiff to the job that she would now be occupying but for the practices of Defendants, and adjust the wage rates, salaries, bonuses, and benefits for Plaintiff to those which she would be enjoying but for the practices of Defendant, or if this is impossible, award Plaintiff front-end pay;

    e.    Compensate and make Plaintiff whole for all earnings, wages, including prejudgment interest and other benefits that she would have received but for the practices of Defendant;

    f.    Award Plaintiff the costs and disbursements of this action, including reasonable attorneys' fees;

    g.    Award Plaintiff damages for emotional distress, pain and suffering, inconvenience and loss of enjoyment of life;

    h.    Award Plaintiff punitive damages for Defendant's willful conduct;

    i.    Grant such other relief as may be just and proper.

### COUNT V – ILLINOIS WAGE PAYMENT AND COLLECTION ACT – RETALIATION

38.    Plaintiff incorporates and realleges paragraphs 1 through 13 as though more fully set forth herein.

39.    In violation of 820 ILCS §115/14, Defendant terminated Plaintiff's employment in retaliation for complaining that Defendant failed to pay her for all hours worked.

40.    Defendant willfully violated the IWPCA by terminating Plaintiff after she complained about its failures to pay Plaintiff for all hours worked.

41.    Plaintiff demands a jury trial.

**WHEREFORE**, Plaintiff ALMA GARCIA, respectfully prays that this Honorable Court:

    a.    Enter a declaratory judgment that the practices complained of herein are unlawful and violate the Illinois Wage Payment and Collection Act;

    b.    Permanently enjoin Defendant, their agents, successors, officers, employees, attorneys and those acting in concert with them from engaging

   in each of the unlawful practices, policies, customs and usages set forth herein, and from continuing any and all practices shown to be in violation of applicable law;

  c. Order modification or elimination of the practices, policies, customs and usages set forth herein and all other such practices shown to be in violation of applicable law;

  d. Immediately assign Plaintiff to the job that she would now be occupying but for the practices of Defendant, and adjust the wage rates, salaries, bonuses, and benefits for Plaintiff to those which she would be enjoying but for the practices of Defendant, or if this is impossible, award Plaintiff front-end pay;

  e. Compensate and make Plaintiff whole for all earnings, wages, including prejudgment interest and other benefits that she would have received but for the practices of Defendant;

  f. Award Plaintiff the costs and disbursements of this action, including reasonable attorneys' fees;

  g. Award Plaintiff damages for emotional distress, pain and suffering, inconvenience and loss of enjoyment of life;

  h. Award Plaintiff punitive damages for Defendant's willful conduct;

  i. Grant such other relief as may be just and proper.

        Respectfully submitted,

        Plaintiff,
        **ALMA GARCIA**


    By:  /s/ Paul W. Ryan
        One of her attorneys



Eugene K. Hollander
Paul W. Ryan
Jonathan L. Hoeven
**The Law Offices of Eugene K. Hollander**
230 W. Monroe, Suite 1900
Chicago, IL 60606
(312) 425-9100

12